CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

June 24, 2024

LAURA A. AUSTIN, CLERK
BY: /s/ Robin Bordwine
   DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Criminal Case No. 1:23cr00024-008 |
| | ) |
| | ) **REPORT AND** |
| **ERIC DALE WHISMAN,** | ) **RECOMMENDATION** |
| Defendant. | ) |

## I.   Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

## II. Facts

The defendant has been charged in multiple-count Indictment. On June 24 2024, a plea hearing was conducted before the magistrate judge, and the defendant entered a plea of guilty to Count One of the Indictment charging him with conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

At this hearing, the defendant was placed under oath and testified that he is 32 years old. He also testified that he completed high school and had some college

classes in welding. The defendant stated that he could read and write the English language.

The defendant testified that he suffered from anxiety, for which he took medications daily. The defendant testified that he had abused marijuana, methamphetamine and opiates in the past, but he said that he had not used any of these since his incarceration in February 2023. The defendant also testified that he was not under the influence of any drug, medication or alcoholic beverage. Defense counsel stated that he had no reason to suggest that the defendant was not competent to enter his plea.

The defendant stated that he was fully aware of the nature of the charge against him and the consequence of pleading guilty to that charge. The defendant was advised in open court of the charge contained against him in the Indictment.  He testified that he had fully discussed the charge, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Plea Agreement.  He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Plea Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one

had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged is a felony and that, if his plea is accepted, he will be adjudged guilty of the offense and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant testified that he understood that the offense with which he is charged is a drug offense and that, if his plea is accepted, he will be adjudged guilty of the offense and that this adjudication will make him ineligible for certain federal benefits, including Social Security benefits and food stamps.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offense with which he is charged.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority, in some circumstances, to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the

Guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated that he knew that parole had been abolished and that, if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant stated that he was stipulating that the following Sentencing Guidelines should apply to his case:

> Section 2D1.1(c)(4) for a base Offense Level of 32 based on his offense involving at least 1.5 kilograms but less than 5 kilograms of a mixture or substance containing methamphetamine.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

i. The right to plead not guilty to any offense charged against him;
ii. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
iii. The right of assistance of counsel;
iv. The right to see, hear and cross-examine witnesses;
v. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and

    vi.    The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his counsel's representation. The defendant also testified that he understood the possible consequences of his plea and asked the court to accept his plea of guilty to Count One of the Indictment.

The Government presented the following evidence regarding the offense with which the defendant is charged:

    At times relevant to the Indictment, the defendant, Eric Dale Whisman, ("Whisman"), in the Western District of Virginia and elsewhere, knowingly conspired with others to possess with intent to distribute and distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

    The investigation revealed the following, without any information provided by this defendant. During the times relevant to the Indictment, Christopher David Johnson, ("Johnson") (a.k.a. "CJ"), was incarcerated in the state of Georgia. Using one or more electronic devices (e.g., a cellular phone), Johnson operated a large-scale methamphetamine-distribution operation that extended from Georgia into the Western District of Virginia. Generally speaking, Johnson communicated and coordinated with other individuals who would

travel from the Western District of Virginia (and elsewhere) to Georgia, where those individuals would meet with other individuals to collect kilogram quantities of methamphetamine. Those individuals would bring the methamphetamine back to the Western District of Virginia (and elsewhere) and would then further distribute the methamphetamine to subdistributors. Johnson collected payment for the methamphetamine via CashApp and other means.

Numerous individuals routinely traveled to Georgia to pick up large quantities of methamphetamine for redistribution in the Western District of Virginia and elsewhere, including Whisman. An individual involved in the conspiracy provided a statement on November 13, 2022, that Whisman and others had previously traveled to Atlanta, Georgia, and obtained one kilogram of methamphetamine. Subsequently, on February 6, 2023, surveillance was conducted on Ashely Young as she traveled to the Atlanta area. On the return trip, a traffic stop was conducted on the vehicle, in which Young was a passenger and Whisman was the driver. Approximately 2 kilograms of methamphetamine were seized pursuant to a search of the vehicle. During the conspiracy, Whisman regularly communicated with Johnson and others, via text and Facebook message, regarding methamphetamine distribution in the context of this conspiracy.

After the Government presented its summary of this evidence, the defendant stated that he agreed that the Government could present this evidence at trial. The defendant had no dispute with or objection to the Government's summary of its

evidence, and he admitted that the facts presented were true and accurate.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charge and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to Count One of the Indictment and adjudge him guilty of that offense.

## <u>Notice to Parties</u>

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to

such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED: This 24th day of June, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

–8–